# 25-1362

## United States Court of Appeals for the Second Circuit

GHEORGHE PETRE,

*Plaintiff-Appellant,*

v.

AMERICAN MOTORIST INSURANCE CO., JENNIFER ARCAROLA, FOLEY, SMIT, O'BOYLE & WEISMAN LAW FIRM, N.Y.S. LIQUIDATION BUREAU, N.Y.S. WORKERS' COMPENSATION BOARD, MYMATRIXX an EXPRESS SCRIPTS CO.,

*Defendants-Cross-Defendants-Appellees,*

PMA COMPANIES,

*Defendant-Cross-Claimant-Appellee.*

On Appeal from the United States District Court for the Eastern District of New York

**BRIEF FOR APPELLEE WORKERS' COMPENSATION BOARD**

BARBARA D. UNDERWOOD
*Solicitor General*
PHILIP J. LEVITZ
*Senior Assistant Solicitor General of Counsel*
NATHALIE BEAUCHAMPS
*Law Intern*

LETITIA JAMES
*Attorney General State of New York*
Attorney for State Appellee
28 Liberty Street
New York, New York 10005
(212) 416-6325

Dated: August 29, 2025

# TABLE OF CONTENTS

**Page**


TABLE OF AUTHORITIES ........ ii

PRELIMINARY STATEMENT ........ 1

JURISDICTIONAL STATEMENT ........ 2

ISSUES PRESENTED ........ 3

STATEMENT OF THE CASE ........ 3

A. The Physical Therapy Dispute ........ 4

B. The Anticonvulsant Preauthorization Dispute ........ 6

C. Disputes over Other Medical and Transportation Costs ........ 7

D. This Action and the District Court's Dismissal Order ........ 8

STANDARD OF REVIEW ........ 9

SUMMARY OF ARGUMENT ........ 10

ARGUMENT ........ 11

POINT I

THE DISTRICT COURT CORRECTLY GRANTED THE STATE WORKERS COMPENSATION BOARD'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION ........ 11

POINT II

ALTERNATIVELY, PETRE FAILED TO STATE A CLAIM FOR RELIEF AGAINST THE WORKERS' COMPENSATION BOARD ........ 13

CONCLUSION ........ 18

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 13

*Ex parte Young*,
209 U.S. 123 (1908) .......... 12

*Hans v. Louisiana*,
134 U.S. 1 (1890) .......... 11

*Hoblock v. Albany Cnty. Bd. of Elections*,
422 F.3d 77 (2d Cir. 2005) .......... 13

*J.S. v. T'Kach*,
714 F.3d 99 (2d Cir. 2013) .......... 14

*Klein & Co. Futures, Inc. v. Board of Trade of New York*,
464 F.3d 255 (2d Cir. 2006) .......... 15

*Liberty Mut. Ins. Co. v. Hurlbut*,
585 F.3d 639 (2d Cir. 2009) .......... 13

*Lucas v. United States*,
775 F.3d 544 (2d Cir. 2015) .......... 9

*Lunney v. United States*,
319 F.3d 550 (2d Cir. 2003) .......... 11

*Matter of DeWolf v. Wayne Cnty.*,
228 A.D.3d 1218 (3d Dep't 2024) .......... 16

*Matter of Hroncich v. Con Edison*,
21 N.Y.3d 636 (2013) .......... 15

*Matter of Lubrano v. New York State Workers' Comp. Bd.*,
83 A.D.2d 841 (2d Dep't 1981) .......... 16

**Cases** **Page(s)**

*Matter of Petre v. Allied Devices Corp.*,
191 A.D.3d 1086 (3d Dep't 2021) ............................................ 5-6, 16

*Matter of Petre v. Allied Devices Corp.*,
213 A.D.3d 1117 (3d Dep't 2023) ............................................ 6-7, 16

*Matter of Petre v. Allied Devices Corp.*,
37 N.Y.3d 938 (2021) ............................................................ 6, 16

*Matter of Spillers v. Health & Hosp. Corp.*,
225 A.D.3d 1100 (3d Dep't 2024) ................................................ 16

*Moates v. Barkley*,
147 F.3d 207 (2d Cir. 1998) .................................................. 11, 17

*Palma v. Workers Comp. Bd. of New York*,
151 F. App'x 20 (2d Cir. 2005) .................................................. 11

*Pennhurst State Sch. & Hosp. v. Halderman*,
465 U.S. 89 (1984) ................................................................... 12

*Rothstein v. Wyman*,
467 F.2d 226 (2d Cir. 1972) ...................................................... 12

*Tribune Co. v. Abiola*,
66 F.3d 12 (2d Cir. 1995) .......................................................... 11

*Vega v. Semple*,
963 F.3d 259 (2d Cir. 2020) ......................................................... 9

*Wells Fargo Bank Advisors, LLC v. Sappington*,
884 F.3d 392 (2d Cir. 2018) ....................................................... 10

*Will v. Michigan Dep't of State Police*,
491 U.S. 58 (1989) ................................................................... 12

**Statutes** **Page(s)**

Workers' Compensation Law
§ 20 .......... 15
§ 23 .......... 6, 16
§ 25 .......... 15

**Regulation**

12 N.Y.C.R.R. § 441.1 .......... 6

## PRELIMINARY STATEMENT

Plaintiff-appellant Gheorghe Petre suffered a work-related injury that, alongside related health complications, entitled him to receive workers' compensation benefits. Petre initiated several disputes before the New York State Workers' Compensation Board (WCB) related to his benefits, lost those adjudications, and unsuccessfully appealed in New York state courts. He then sought relief from these adverse decisions by filing suit against the WCB and private defendants in federal court, claiming a violation of his Fourteenth Amendment due process rights and seeking a declaration that he is entitled to coverage of his contested workers' compensation benefits and damages.[1] The U.S. District Court for the Eastern District of New York (Komitee, J.), dismissed the lawsuit against the WCB because it is a state agency entitled to sovereign immunity.

This Court should affirm. The district court correctly dismissed Petre's complaint against the WCB because the WCB is a state agency subject to sovereign immunity pursuant to the Eleventh Amendment.

---

[1] This brief is filed solely on behalf of the WCB. The other defendants are separately represented.

Petre does not argue otherwise on appeal, and thus any contrary argument is waived.

Alternatively, the district court also correctly dismissed Petre's complaint for failure to state a viable claim against the private defendants, and the same can be said with respect to the WCB, because Petre's complaint consisted only of vague and conclusory allegations of a Fourteenth Amendment violation. In fact, the complaint's specific allegations confirm that the WCB provided Petre with ample notice and opportunity to be heard, fully satisfying due process under the Fourteenth Amendment.

## JURISDICTIONAL STATEMENT

The district court lacked subject matter jurisdiction over this action with respect to Petre's claims against the WCB because they are barred by sovereign immunity. *Infra* at 11. This Court has jurisdiction under 28 U.S.C. § 1291 to review the district court's final judgment dismissing the complaint.

## ISSUES PRESENTED

1. Did the district court properly dismiss Petre's complaint against the WCB for lack of subject matter jurisdiction on sovereign immunity grounds?

2. Alternatively, is Petre's complaint against the WCB subject to dismissal for failure to state a claim?

## STATEMENT OF THE CASE

In 1999, Petre suffered a work-related injury involving his lower back and right foot while working as a machine shop supervisor (Compl. ¶ 4 (Feb. 28, 2023), ECF No. 1).[2] Thereafter, Petre suffered a series of related injuries and filed claims for workers' compensation benefits (*see id.* ¶¶ 4-6). In 2004, the WCB classified Petre as permanently disabled (*see id.* ¶ 8). Subsequently, a number of disputes arose between Petre and his insurance carrier related to Petre's workers compensation benefits. Until this lawsuit, these disputes had been handled according to procedures provided by New York's Workers' Compensation Law.

---

[2] The factual background here is drawn from Petre's complaint and is accepted as true only for purposes of the WCB's motion to dismiss.

## A. The Physical Therapy Dispute

In February 2011, Petre and American Motorist Insurance Co. (AMICO), his insurance carrier for his workers' compensation benefits, stipulated that Petre would receive reimbursement for physical therapy three times per week for four weeks, then two times per month thereafter. (*See* Compl. ¶¶ 14, 16.) While the New York State Medical Treatment Guidelines entitled Petre to reimbursement for ten therapy sessions per year (*see id.* ¶¶ 16, 18), Petre and AMICO agreed on an upwards variance from the Guidelines before a Workers' Compensation Law Judge (*see id.* ¶¶ 14, 16, 121).

In 2012, AMICO alleged that the 2011 stipulation had expired, leading Petre to seek administrative review by the WCB. In 2013, AMICO became insolvent and was placed into liquidation by a state court in Illinois (*id.* ¶ 122; Appendix (A.) 27[3]). Thereafter, PMA Management Corporation (PMA) became Petre's insurance carrier for his workers' compensation benefits. (Compl. ¶ 124.) In August 2014, a WCB panel held that the 2011 stipulation did not expire and was in effect indefinitely.

[3] Citations to "A. __" within this brief refer to the paginated PDF images.

(*Id.* at ¶¶ 16-17.) Pursuant to this decision, Petre's new carrier, for some time, allowed reimbursement for the physical therapy sessions provided for in the 2011 stipulation in addition to the ten physical therapy sessions per year provided for in the Guidelines. (*See id.* ¶¶ 16, 18.)

However, in 2018, PMA decided that it would no longer reimburse the ten physical therapy sessions provided for in the Guidelines. (*Id.* ¶ 19.) As a result, Petre sought a hearing before a Workers' Compensation Law Judge, believing that he was entitled to coverage both for the physical therapy sessions provided for in the 2011 stipulation and ten additional physical therapy sessions per year. (*See id.*) The judge ruled in favor of PMA, reasoning that the 2011 stipulation already provided more coverage than allowed by the Guidelines. (*Id.* ¶ 20.) Petre administratively appealed this decision to the WCB appellate panel, which affirmed on the same basis as the judge below. (*Id.* ¶ 22, 25.) Petre next applied for reconsideration or full Board review, which the WCB denied. (*See id.* ¶ 22.)

Petre then sought review of the WCB's decision in the Appellate Division, Third Department, as he was permitted to do under New York's Workers' Compensation Law. *See Matter of Petre v. Allied Devices Corp.*,

191 A.D.3d 1086 (3d Dep't 2021); Workers' Compensation Law § 23. The Third Department affirmed the WCB's decision in 2021, finding that the WCB did not act in an arbitrary and capricious matter or abuse its discretion. *Matter of Petre*, 191 A.D.3d at 1087. The New York Court of Appeals declined to review the Third Department's decision. *Matter of Petre v. Allied Devices Corp.*, 37 N.Y.3d 938, 938 (2021).

## B. The Anticonvulsant Preauthorization Dispute

In August 2021, Petre appeared before a Workers' Compensation Law Judge, seeking reimbursement from PMA for Gabapentin, an anticonvulsant medication. (*See* Compl. ¶¶ 66-69; A. 35.) PMA had denied coverage, arguing that the prescription for Gabapentin required preauthorization according to the New York Workers' Compensation Formulary. (*Id.* at ¶ 69.)[4] In September 2021, the judge held in favor of PMA, finding that Gabapentin did require preauthorization under the Formulary. (*Id.* ¶¶ 68, 72.) Petre administratively appealed this decision to a WCB panel, which affirmed on the same grounds. *See Matter of Petre v. Allied Devices*

---

[4] The Formulary is a list of over-the-counter and prescription drugs for work-related injuries that "must be used to prescribe medication for all accidents or injuries." 12 N.Y.C.R.R. § 441.1(h).

*Corp.*, 213 A.D.3d 1117, 1117 (3d Dep't 2023). The WCB thereafter denied Petre's application for reconsideration or full Board review. *See id.*

Petre then sought judicial review in the Third Department. The court again found that the WCB did not act in an arbitrary and capricious matter or abuse its discretion. *Id.* at 1117-18.

## C. Disputes over Other Medical and Transportation Costs

Following a hearing in August 2021, a Workers' Compensation Law Judge amended Petre's initial workers' compensation claim to include an injury involving his right side and foot. (*See* Compl. ¶ 51.) However, PMA thereafter denied reimbursement for a series of medical treatments related to Petre's right knee and foot: These included reimbursement for physical therapy, an arthroscopy procedure, and a recommendation for insoles, heel cushions, and a knee sleeve. (*See id.* ¶¶ 56-57, 59.) Petre submitted requests for assistance to the WCB related to these denials. (*Id.* ¶ 58.) The WCB denied these requests. (*Id.* ¶¶ 58, 131-132, 137.)

At a November 2022 hearing before a Workers' Compensation Law Judge, Petre again sought reimbursement for medical expenses, which this time primarily consisted of co-pays for doctor's visits. (*See id.* ¶¶ 82-84.) The judge ruled in favor of Petre regarding the reimbursement of one

of the disputed co-pays and against him on others. (*Id.* ¶ 86.) Petre did not successfully appeal this decision due to missing documentation. (*See id.* ¶ 88.)

## D. This Action and the District Court's Dismissal Order

Petre then initiated this action against the WCB, PMA, AMICO, and other defendants. He principally claimed deprivation of due process under the Fourteenth Amendment. (*See id.* ¶¶ 2, 142.) He sought various remedies, including declarations that he is entitled to reimbursement for ten additional physical therapy sessions per year and anticonvulsant medication without preauthorization, reimbursement for unpaid expenses submitted in the last four years (including co-pays), punitive damages, and monetary sanctions. (*See id.* ¶ 153.)

The defendants thereafter moved to dismiss Petre's complaint. In its motion to dismiss, the WCB argued that it was entitled to sovereign immunity, which deprived the district court of subject matter jurisdiction. (Mem. of Law of Def. WCB in Supp. of Mot. to Dismiss at 6 (Nov. 6, 2023), ECF No. 81 ("WCB MTD").) The WCB also argued that Petre failed to state a claim upon which relief can be granted (*id.* at 9-12), primarily because Petre's allegation of a due process violation was vague

and conclusory (*id.* at 11). The other defendants also moved to dismiss Petre's complaint.[5]

The district court granted the defendants' motions to dismiss. (A. 25.) As for Petre's claims against the WCB, the court found that the WCB, as a state agency, was entitled to sovereign immunity. Thus, the court lacked jurisdiction over these claims. (A. 30-31.) The court dismissed Petre's claims against the other defendants for failure to state a plausible claim. (A. 34-35.)

## STANDARD OF REVIEW

This Court reviews de novo jurisdictional dismissals based on sovereign immunity, *Vega v. Semple*, 963 F.3d 259, 281 (2d Cir. 2020), and for failure to state a claim, *Lucas v. United States*, 775 F.3d 544, 547 (2d Cir. 2015). This Court may affirm on any ground supported by the record, regardless of whether it is a ground upon which the district court

---

[5] The other defendants' motions were based in part on the *Rooker-Feldman* and *Burford* abstention doctrines. (*See* Mem. of Law of Defs. AMICO et al. in Supp. of Mot. to Dismiss at 3-9 (Nov. 6, 2023), ECF No. 76; Mem. of Law of Defs. Foley, Smit, O'Boyle & Weisman et al. in Supp. of Mot. to Dismiss at 14 (Nov. 6, 2023), ECF No. 78.) The WCB adopted the *Rooker-Feldman* and *Burford* arguments by reference. (WCB MTD at 1.)

relied. *Wells Fargo Bank Advisors, LLC v. Sappington*, 884 F.3d 392, 396 n.2 (2d Cir. 2018).

## SUMMARY OF ARGUMENT

The district court correctly dismissed Petre's claims for lack of subject matter jurisdiction. The district court correctly held that sovereign immunity bars Petre's claims against the WCB, as a state agency that has not consented to suit against it in federal court. Petre does not argue otherwise on appeal.

In any event, Petre's complaint also is subject to dismissal for the independent reason that he failed to state a plausible claim for relief against the WCB. Petre alleged no specific facts supporting his claim of a Fourteenth Amendment due process violation by the WCB. To the contrary, his own allegations make clear that the WCB afforded him ample process in challenging his workers' compensation benefit denials.

# ARGUMENT

## POINT I

### THE DISTRICT COURT CORRECTLY GRANTED THE STATE WORKERS COMPENSATION BOARD'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

This Court should affirm the district court's dismissal of Petre's claims against the WCB for the dispositive reason that States and their agencies have sovereign immunity pursuant to the Eleventh Amendment. *See Hans v. Louisiana*, 134 U.S. 1, 15 (1890). Sovereign immunity is a jurisdictional bar. *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003).

Petre does not even argue on appeal that the district court erred in finding the WCB subject to sovereign immunity; thus, he has waived any such argument. *See, e.g.*, *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (issue that pro se party fails to raise in appellate brief is waived).

In any event, the district court was correct that the WCB is subject to sovereign immunity. There can be no dispute that WCB is a state agency generally entitled to sovereign immunity. *See, e.g.*, *Tribune Co. v. Abiola*, 66 F.3d 12, 17 (2d Cir. 1995); *Palma v. Workers Comp. Bd. of New York*, 151 F. App'x 20, 21 (2d Cir. 2005). And it has long been settled that,

for a state or state agency to be sued by an individual, Congress must expressly abrogate the state's sovereign immunity, or a state must unequivocally consent to waive its immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). It is equally well-settled that Congress did not abrogate state sovereign immunity by enacting § 1983.[6] *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65-67, 71 (1989) (explaining that a state is not a "person" subject to suit under § 1983). Moreover, New York has not consented to being sued under § 1983 in a "clear and unequivocal" manner. *Rothstein v. Wyman*, 467 F.2d 226, 238 (2d Cir. 1972). Thus, sovereign immunity clearly barred the district court from asserting jurisdiction over the WCB, as that court correctly held (*see* A. 30).[7]

---

[6] The district court understood Petre's constitutional claims to be brought pursuant to § 1983 (*see* A. 28 (citing Compl. ¶ 2)), and Petre appears to agree with this understanding in his appellate brief (*see* Appellant's Br. at 11-12).

[7] As the district court also correctly held (A. 31), even if Petre had sued any state officials, rather than a state agency, the *Ex parte Young* sovereign immunity exception for certain suits seeking equitable relief from state officials would not save Petre's suit. *See* 209 U.S. 123, 159-60 (1908). For one thing, the *Rooker-Feldman* doctrine would bar any such equitable relief. By requesting declarations that he is entitled to reimbursement for benefits that were denied to him in state court, Petre invited the

(*continued on the next page*)

## POINT II

### ALTERNATIVELY, PETRE FAILED TO STATE A CLAIM FOR RELIEF AGAINST THE WORKERS' COMPENSATION BOARD

There is also an independent alternative basis for this Court to affirm the dismissal of Petre's complaint against the WCB: Petre failed to state a plausible claim for relief against the WCB.

It is blackletter law that a court need not accept as true "legal conclusions" or "threadbare recitals of the elements of a cause of action" in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, a complaint must allege facts that state a plausible claim for relief to survive a motion to dismiss. *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). As the district court explained, "[t]o state a Section 1983 procedural due process claim, a plaintiff must plausibly allege that (1) he has a property right, (2) 'the

---

federal district court to set aside state court decisions that allegedly injured him—which *Rooker-Feldman* does not permit. *See Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005). In addition, the *Burford* abstention doctrine also counsels against granting any requested equitable relief from the WCB. This Court has already found that the application of New York's Workers' Compensation Law is an area in which the exercise of federal review would be disruptive to establishing a coherent state policy—making *Burford* abstention appropriate. *See Liberty Mut. Ins. Co. v. Hurlbut*, 585 F.3d 639, 651 (2d Cir. 2009).

government has deprived him of that right,' and (3) 'the deprivation was effected without due process.'" (A. 35 (quoting *Henry v. City of New York*, 638 F. App'x 113, 115 (2d Cir. 2016).) *See also J.S. v. T'Kach*, 714 F.3d 99, 105 (2d Cir. 2013). Petre's due process claim does not pass muster.

Even assuming that Petre has a property right in the workers' compensation benefits at issue, and that the WCB (rather than another defendant more directly responsible) caused their deprivation, Petre did not plausibly allege that he was not provided adequate due process. In his complaint, Petre at most made threadbare recitals of a Fourteenth Amendment violation.[8] His allegations against the WCB do not give rise to any plausible inference of a Fourteenth Amendment violation. At most, Petre challenged the merits of the WCB's decisions,[9] which are

[8] (*See, e.g.*, Compl. ¶ 21 ("[d]enying plaintiff ten session[s] of physical therapy per year . . . was discriminatory and unconstitutional (see the Fourteenth Amendment to the U.S. Constitution . . . )"); *id.* ¶ 151 ("The Board's assent with the carrier and their attorney's abuse is unjustified and unconstitutional . . . see the Fourteenth Amendment . . .").)

[9] (*See* Compl. ¶ 21 (alleging the incorrectness of a Workers' Compensation Law Judge decision regarding the 2011 stipulation); *id.* ¶ 140 (alleging the incorrectness of a Workers' Compensation Law Judge decision regarding the anticonvulsant preauthorization dispute); *id.* ¶ 151 (complaining generally of the WCB's "assent" to the actions of Petre's insurance carrier that denied him coverage).)

challenges based in New York's Workers' Compensation Law, not the Fourteenth Amendment.[10]

In fact, the complaint makes clear that Petre received ample due process under New York's Workers' Compensation Law to satisfy the Fourteenth Amendment. First, he appeared in several hearings before a Workers' Compensation Law Judge (*see* Compl. ¶¶ 16, 19, 47, 68, 82), who evaluated witness testimony and documentary evidence related to Petre's disputes, *see* Workers' Compensation Law §§ 20(1), 25(2)(a) (*see, e.g.,* Compl. ¶¶ 69, 138). Then, Petre administratively appealed at least two Workers' Compensation Law Judge decisions to the WCB (*see* Compl. ¶¶ 22-23); he then appealed those WCB decisions to WCB appellate panels (A. 4). Additionally, Petre appealed the WCB's decisions to the

---

[10] The district court had no jurisdiction to review the merits of the state workers' compensation determinations. *See Matter of Hroncich v. Con Edison*, 21 N.Y.3d 636, 643 (2013) (explaining that the Third Department "is vested with exclusive jurisdiction to review Board decisions"). And, in any event, the district court had no obligation to assert supplemental jurisdiction over any claims Petre could have asserted under state law. *See Klein & Co. Futures, Inc. v. Board of Trade of New York*, 464 F.3d 255, 262 (2d Cir. 2006) ("It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims.").

state courts, starting in the Third Department, per state statute. *Matter of Petre*, 191 A.D.3d at 1086; *Matter of Petre*, 213 A.D.3d at 1117; *see* Workers' Compensation Law § 23. Finally, Petre sought leave to appeal at least one Third Department decision to the New York Court of Appeals. *See Matter of Petre*, 37 N.Y.3d at 938. Petre was also entitled to raise due process challenges in state court, although he chose not to. *See Matter of Lubrano v. New York State Workers' Comp. Bd.*, 83 A.D.2d 841, 841 (2d Dep't 1981) (explaining that the Third Department has exclusive jurisdiction to determine whether WCB's decisions violated due process).

The process of which Petre availed himself is a process that courts have time and again found to be procedurally sufficient, providing ample "opportunity to be heard at a meaningful time and in a meaningful manner." *E.g., Matter of DeWolf v. Wayne Cnty.*, 228 A.D.3d 1218, 1220 (3d Dep't 2024) (quotation marks omitted); *Matter of Spillers v. Health & Hosp. Corp.*, 225 A.D.3d 1100, 1101 (3d Dep't 2024) (quotation marks omitted). Moreover, Petre has not alleged any specific aspect of the process

he received that he believes was constitutionally deficient. Thus, Petre failed to state a plausible due process claim.[11]

[11] To the extent that Petre's complaint also alleged that he suffered discrimination by the WCB, in violation of the Fourteenth Amendment or state law, that claim is equally deficient. (*See* Compl. ¶¶ 21, 46, 60, 63, 79, 142, 150-151.) On appeal, Petre does not contest the district court's interpretation of his complaint to raise only a due process claim. Thus, he waived reliance on any other claim on appeal. *See Moates*, 147 F.3d at 209. In any event, Petre failed to state a claim with respect to any discrimination allegation, because he made, at most, conclusory, threadbare recitals of the relevant cause of action, without alleging any specific facts that could support an inference of unlawful discrimination by the WCB. (*See, e.g.*, Compl. ¶ 60 (explaining that discrimination can be directed at someone for "age, disability, accent discrimination, etc." but failing to explain how the WCB discriminated against him based on any of these bases); *id.* ¶ 142 ("This kind of interference, by all of [the defendants], with the plaintiff's right to medical treatment was discriminatory and unconstitutional . . .").)

## CONCLUSION

Based on the foregoing, this Court should affirm the judgment of dismissal.

Dated: New York, New York
August 29, 2025

Respectfully submitted,

LETITIA JAMES
*Attorney General*
*State of New York*
Attorney for Appellee Workers' Compensation Board

By: */s/ Philip J. Levitz*
Philip J. Levitz
Senior Assistant Solicitor General

BARBARA D. UNDERWOOD
*Solicitor General*
PHILIP J. LEVITZ
*Senior Assistant Solicitor General*
*of Counsel*
NATHALIE BEAUCHAMPS
*Law Intern*

28 Liberty Street
New York, NY 10005
(212) 416-6325

## CERTIFICATE OF SERVICE

I hereby certify that, on August 29, 2025, I served or caused to be served two copies of the accompanying Brief for Appellee Workers' Compensation Board by United States Postal Service first class/priority mail upon the following named person(s):

Gheorghe Petre
1920 Wallace Ave., First Floor
Bronx, New York 10462

*/s/ Philip J. Levitz*